In the other assignments of error advanced we find the intervention of no error prejudicial to plaintiff in error which would require a reversal of the judgment. It is therefore affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and GUERNSEY, J., of the Third Appellate District, sitting by designation, concur.

MATTHEWS *v.* FARM BUREAU MUTUAL INS. CO.

(Decided November 21, 1933.)

*Messrs. Graham & Graham,* for plaintiff in error.
*Messrs. Frazier & Holliday,* for defendant in error.

LEMERT, J. The plaintiff in error, T. C. Matthews, on January 29, 1933, filed his action in the Court of Common Pleas of Muskingum county, Ohio, against the defendant, in which he alleged that he was the owner of a Buick automobile, and that, in consideration of $10 paid by him to defendant, Farm Bureau Mutual Insurance Company, said defendant issued to plaintiff a policy of insurance against loss by fire, and that on the 19th day of October, 1932, said automobile was totally destroyed by fire at a time when said policy was in full force and effect, and that immediately after said fire plaintiff gave notice to the defendant in writing, and under oath, of the loss of said automobile, as provided in said policy.

The cause came on to be heard upon the pleadings, the defendant having filed an answer and general denial, and then an amended answer and general denial, setting up an affirmative defense, and the plaintiff having filed a reply denying the same. The jury was then impaneled and sworn, and immediately after the jury was sworn the defendant made a motion in which it asked for judgment in its favor against the plaintiff, for the reason that the petition did not allege that the plaintiff was the owner of the automobile at the time it was destroyed by fire.

The plaintiff then orally moved the court for permission to amend the petition by interlineation, and the court overruled said motion, stating at the time that it was impossible for the court to amend after the jury had been sworn and before testimony had been offered, and for this reason he refused to permit the plaintiff to amend the petition by inserting the follow-

ing words, to wit: "And plaintiff was still the owner of said automobile."

On the presentation of this case the plaintiff in error raises two questions:

1. Did the court err in sustaining a motion for a directed verdict by reason of the fact that the plaintiff did not state that plaintiff was the owner of the automobile at the time it was destroyed by fire; or, putting the question in another way, did the court below err in rendering judgment upon the pleadings?

2. Could the court have amended the petition at this stage of the trial, that is, after the jury was sworn and before testimony was introduced?

We will proceed first to determine the second proposition, that is, as to whether or not the court had authority or right to grant leave to amend the petition after the motion had been decided. In deciding this question we are compelled to consider Section 11363 of the General Code of Ohio, which reads as follows: "Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment."

It is observed that the motion for leave to amend the pleading was made after the court had sustained a motion for judgment on the pleadings, and it was made before any evidence was taken in the case. The court having sustained the motion for judgment on

the pleadings, there was then nothing to amend. Therefore, Section 11363 would not apply.

We are therefore of the opinion that there was no error in the refusal of the court to grant leave to amend the petition at the time it was asked to grant it.

On the first proposition, did the court err in sustaining a motion for judgment on the pleadings? Having hereinbefore stated what the petition contained, it is not necessary to herein repeat it; nor are we without authority in considering the question now presented.

The Supreme Court, in *People's Fire Ins. Co.* v. *Heart,* 24 Ohio St., 331, held: "Where, in an action upon a policy of insurance, it appears from the petition that the insurance company, for a specified premium, executed and delivered a policy insuring A against loss by fire, on specific property occupied by the insured, an insurable interest in the insured, under the code, is sufficiently shown."

In *Queen Ins. Co.* v. *Leonard,* 6 C. D., 49, 9 C. C., 46, the court held the petition, setting forth that plaintiff, being the owner of a stock of goods, was insured by the defendant, against loss to it by fire, and setting forth the loss by its destruction by fire, sufficiently alleges plaintiff's ownership in the property at the time of loss. The court in deciding that case stated: "The allegation is that 'plaintiff being the owner,' etc., 'the defendant insured him,' etc. That is not a model form of pleading; but under the case of *Insurance Co.* v. *Heart,* 24 Ohio St., 331, the petition is more than sufficient in that respect."

We find that the holding of the Supreme Court, as hereinbefore quoted, has not been reversed or modified, and that the same is applicable and controlling in the instant case, and we feel that we are in duty bound to follow it. However, we desire to say that, if we were passing upon this case originally, we would hold that

the Court of Common Pleas was right in sustaining the motion for judgment upon the pleadings; but, for the reasons hereinbefore stated and the holding of the Supreme Court in the case of *People's Fire Insurance Company* v. *Heart,* we are compelled to hold that the court below in sustaining the motion of defendant below for judgment on the pleadings committed error.

It therefore follows that the judgment of the Court of Common Pleas will be and hereby is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and MONTGOMERY, J., concur.